### BRODERICK et al. v. MORAN TOWING & TRANSPORTATION CO.

(Circuit Court of Appeals, Second Circuit. December 17, 1923.)

### No. 107.

1. **Shipping ☞49(2)—That dredge was used as unloading machine, when it might have been used for more serviceable work, did not affect charge therefor.**

   The use to which a hired dredge was put in unloading scows, when it might have been used for more serviceable work, should not affect the charge therefor.

2. **Shipping ☞49(7)—Evidence held to show $100 per day was reasonable charge for service of dredge.**

   Evidence *held* to show that $100 per day would be a reasonable charge for use and service of dredge.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by the Moran Towing & Transportation Company against William J. Broderick and Thomas W. Snee, doing business as Broderick & Snee, with cross-libel by Broderick & Snee against the Moran Towing & Transportation Company. Decree for Broderick & Snee, and the Moran Towing & Transportation Company appeals. Decree modified.

William F. Purdy, of New York City, for appellant.

Edward W. Norris, of New York City, for appellees.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. Appellant filed a libel for repairs made upon the barge Fordham. Appellees answered, admitting that repairs were made, but denying the value thereof as set forth in the libel. At the same time a cross-libel was filed by the appellees, alleging that the Moran Towing & Transportation Company had agreed to accept, in payment for the repairs, the use and services of the appellees' dredge until the claim of the appellant for the reasonable value of the repairs and materials had been fully paid. It is also alleged that the dredge performed services in unloading ashes at Arlington, Staten Island, N. Y., for 16 days, at the request of the appellant; also that the dredge performed services at Brady's dock, at Bayonne, N. J., for 10 days, all

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

at the reasonable hire of $150 per day. An answer was filed to this libel. Both actions were heard together. It was conceded at the trial that the claim of the appellant set forth in the libel was correct, but appellees claimed they performed work in excess of the repair bill at the request of the appellant as above indicated. The appellant's claim was for $2,977.55. Hearings were had before a special commissioner.

The only question there contested was the number of days the dredge worked and the reasonable value of such hire per day. The commissioner found upon disputed testimony, that the barge worked 16 days at Arlington, Staten Island, November 15 to December 1, 1919, and found $125 per day a reasonable hire; also 10 days, April 10 to April 20, 1920, at Brady's Dock, Bayonne, N. J., at $150 per day. To this interest was added of $465.50, making a total of $3,965.50. A decree for the difference in the bill of each for $1,386.40 was entered against the appellant. There is a clear weight of evidence in support of the finding of the commissioner, which has won the approval of the District Judge, maintaining the claims of the appellees that the dredge performed the services in question. In numbers and credibility of testimony, there is ample support for the appellees' decree.

[1, 2] It is claimed that the rate per diem fixed as a reasonable charge for hire is excessive. In support of the appellees' claim, it was shown that the dredge was put to work unloading ashes from scows and depositing it in cars. The libel alleged, and the claim of the appellees is that it was to be paid, not for the services of the dredge as an unloading machine, but "for the use and service of the dredge." The use to which the dredge was put in unloading, when it might have been used for more serviceable work than merely as an unloading machine, should not affect the charge therefor. There is testimony of a dredging contractor that he hired dredges for $400 a day at this time; by another $200 a day. The latter stated that a reasonable hire for the Arlington work was $150 per day. There is testimony by a superintendent for a substantial contractor that $150 per day was a reasonable hire. There is likewise testimony that a dredge of this type was hired, in several places in the vicinity of where the work was done by the dredge in the instant case, at from $200 to $400 per day. Opposed to this, the appellant called two witnesses, a marine contractor, who was familiar with unloading machines, and who valued the use of a dredge as an unloading machine at this time at $60 per day, and a truckman and excavating contractor, who valued a dredge used for unloading as reasonable at from $40 to $50 per day.

The special commissioner, without stating the reasons therefor, has fixed $125 per day for the work at Arlington and $150 per day for the work at Bayonne. A careful reading of the testimony convinces us that no distinction should be made. No reason is given in the testimony why there should be a variation for hire in each place. In each instance the work was done at about the same period. We think an allowance of $100 per day would be reasonable pay for the work in question, which, with interest from April 20, 1920, to the date of the decree, amounts to $442.

The decree will be modified, and the appellees will recover the sum of $64.45, without costs.